IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SAMUEL WILLIAMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:16-CV-1631-L** |
| **KROGER TEXAS, L.P.,** | § | |
| **DOING BUSINESS IN THE COMMON** | § | |
| **NAME OF KROGER FOOD STORES** | § | |
| **AND K034 KROGER EAST/SOUTHWEST,** | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Rule 12(b) Motion to Dismiss ("Motion" or "Motion to Dismiss") (Doc. 4), filed June 21, 2016. Defendant Kroger Texas, L.P., d/b/a Kroger Food Stores and K034 Kroger East/Southwest, ("Kroger" or "Defendant") seeks to dismiss this personal injury action under Federal Rules of Civil Procedure 12(b)(4), (5), and (6). Plaintiff did not file a response to the Motion. After considering the Motion, pleadings, record in this case, and applicable law, the court **grants** the Motion to Dismiss under Rule 12(b)(5) for insufficient service or process, **dismisses without prejudice** this action, and **denies as moot** the Motion to Dismiss pursuant to Rules 12(b)(4) and (6).

## I.      Factual and Procedural Background

On May 19, 2016, Plaintiff Samuel Williams ("Plaintiff" or "Williams") filed a personal injury action in state court against Kroger, asserting a single personal injury claim. In Plaintiff's Original Petition ("Petition"), Williams alleges that, on May 26, 2014, while shopping in Defendant's store located in Balch Springs, Texas, there was soda on the floor that caused him to

slip and fall.  On June 17, 2016, Defendant removed this case to federal court based on diversity jurisdiction.

On June 21, 2016, Defendant moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(4), (5), and (6).  In its Motion, Defendant asserts that Willaims provided a third-party administrator of Kroger with a courtesy copy of the Petition.  Defendant contends that the third-party administrator is not Kroger's designated agent for service of process and does not have authority to accept service of process on behalf of Kroger.  Defendant, therefore, contends that any attempt by Williams in effecting service by providing Kroger's third-party administrator with a courtesy copy of the Petition is insufficient or ineffective service.  Kroger further asserts that Plaintiff's personal injury claim is time-barred under Texas's two-year statute of limitations applicable to personal injury claims and subject to dismissal under Rule 12(b)(6) because Williams failed to effect service as to Kroger by May 16, 2016, before expiration of the two-year statute of limitations.

## II.   Analysis

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute.  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).  Because Kroger relies on documents outside the pleadings in support of its statute of limitations defense that are not matters of public records of which the court can judicial notice, dismissal of this action based on Defendant's statute of limitations defense under Rule 12(b)(6) is not appropriate.  The court, therefore, focuses instead on whether dismissal is appropriate under Rules 12(b)(4) and (5) for insufficient service of process.

After a case is removed to federal court, it is governed by the Federal Rules of Civil Procedure. *Micromedia v. Automated Broadcast Controls*, 799 F.2d 230, 233 (5th Cir. 1986) (citing Fed. R. Civ. P. 81(c)). Thus, when service of process is not completed in state court before a case is removed, it is governed by the Federal Rules of Civil Procedures after removal. *See id.* To complete service of process in federal court, a plaintiff must first present a summons to the clerk of the court for signature and seal, which the clerk in turn "must sign, seal, and issue . . . to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). Upon issuance of the federal summons, a plaintiff must serve the summons and original complaint in accordance with Federal Rule of Civil Procedure 4(e). Rule 4(m) further requires that service be effected within 90 days after the case is filed:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a plaintiff fails to comply with Rule 4, a defendant may seek to dismiss the plaintiff's claims under Rules 12(b)(4) or (5). *See generally* Fed. R. Civ. P. 12(b). Kroger contends that Plaintiff has not made any attempt at serving its agent for service of process, although Plaintiff's Petition accurately identifies Kroger's agent for service of process. Defendant's Motion is, thus, one for dismissal under Rule 12(b)(5). *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. Supp. 2010) (explaining that "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons," whereas, a Rule 12(b)(5) motion addresses "the mode of delivery or the lack of delivery of the summons and complaint.").

**Order – Page 3**

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (citation omitted).  Moreover, a plaintiff, "must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Id.* (citations and internal quotation marks omitted). When considering an extension of time to perfect service, the court "must first determine whether good cause exists.  If good cause is present, [it] must extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citation omitted). A discretionary extension may be warranted under circumstances when, for example, "the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service."  *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citation omitted).

As noted, Defendant contends in its Motion that, while Plaintiff's Petition correctly identifies Kroger's designated agent for service of process, Plaintiff has yet to serve Kroger's designated agent for service of process, and Plaintiff's providing a courtesy copy of his Petition to an entity other than Kroger's designated agent for service of process is insufficient or ineffective for purposes of service of process.  In not responding to Defendant's Motion, Plaintiff has failed to meet his burden of proving the validity of any attempted service.  He has also failed to establish any good cause for such failure.  There is no indication from the docket in this case that Plaintiff has made any efforts to serve Kroger by presenting a summons to the clerk of the court for signature and seal.  Additionally,

Plaintiff has not requested additional time to effect service on Kroger's agent for service of process, and more than 90 days has passed since this case was removed from state court.

Moreover, it appears from the record that Plaintiff's personal injury claim would be time-barred even if the court were to give him an extension of time to serve Kroger because Plaintiff alleges that he was injured on May 26, 2014, and his Petition shows that he timely filed suit on May 19, 2016; however, Plaintiff has not offered any excuse from which the court can determine whether he exercised due diligence in attempting to effect service on Kroger before expiration of the statute of limitations for his personal injury claim.[*] The court, therefore, exercises its discretion to dismiss without prejudice this case under Rule 12(b)(5) for insufficient service of process and will not give Plaintiff additional time to serve Kroger. Accordingly, the court will grant Defendant's Motion to Dismiss under 12(b)(5) and deny as moot the Motion under Rules 12(b)(4) and (6).

## III. Conclusion

For the reasons stated, Plaintiff failed to meet his burden of proving the validity of attempted service or any good cause for his failure to timely complete such service. Accordingly, the court **grants** the Defendant's Rule 12(b) Motion to Dismiss under Rule 12(b)(5) (Doc. 4) and **dismisses without prejudice** this action for insufficient service of process. Defendant's Motion is otherwise

---

[*] The statute of limitations for a personal injury cause of action under Texas law begins to run from the date a wrongful act causes an injury. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998). Texas law applies in a diversity case to determine whether a plaintiff tolled the statute of limitations when a suit is filed. *Saenz v. Keller Indus.*, 951 F.2d 665, 667 (5th Cir. 1992). Under Texas law, "a plaintiff must not only file suit but also use due diligence in procuring service on the defendant in order to toll the statute of limitations." *Id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)). Failure of a plaintiff to serve the defendant with process before expiration of the limitations period is excused "only if the plaintiff exercised due diligence in effectuating service." *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975). The determination of due diligence is usually a fact question, which is determined by applying the ordinary prudent person standard. *Saenz*, 951 F.2d at 667. Lack of due diligence, however, may be found as a matter of law when the plaintiff offers no excuse for his or her failure to procure service, or when the plaintiff's excuse conclusively negates diligence. *Id.* Thus, for example, the court of appeals in *Webster v. Thomas*, concluded that a four-month and ten-day delay constituted a lack of due diligence on the part of the plaintiff as a matter of law. 5 S.W.3d 287, 291 (Tex. App.— Houston [14th Dist.] 1999, no pet.).

Order – Page 5

**denied as moot**.  The court will enter a judgment by separate document pursuant to Rule 58 of the

Federal Rules of Civil Procedure.

    **It is so ordered** this 6th day of October, 2016.


                                        Sam A. Lindsay
                                        United States District Judge